ALVAN FLANDERS, Respondent, v. WILLIAM K. ISH, Appellant.

*Appeal from Umatilla County.*

When a bill of items of account is filed under section 82 of the Code, if the same be deemed insufficient or defective by the other party, the proper practice is to move that the same be made more specific or definite.

FLANDERS sued Ish on an account for goods, wares, &c., annexing to the complaint a condensed bill of items, grouping them to some extent. Ish served a notice upon Flanders' counsel to furnish a specific bill of items. No such bill was given to Ish or his counsel. Upon the trial, counsel for appellant objected to the introduction of any testimony as to the specific items of goods, on the ground that no bill of items had been furnished after notice served. The court below overruled the objection and admitted the testimony. Appellants' counsel excepted to the ruling and appealed his case here, judgment having been given for respondent below on verdict.

*O. Humason, Esq.*, for appellant.

*J. K. Kelly, Esq.*, for respondent.

BY THE COURT. The *Code, page* 159, *section* 82, provides: " A party may set forth in a pleading the items of an account therein alleged, or file a copy thereof with the pleadings, verified by his own oath, &c. If he do neither, he shall deliver to the adverse party, within five days after a demand

thereof in writing, a copy of the account, verified as in this section provided, or be precluded from giving evidence thereof."

A bill of items of a general character had been made a part of the complaint, as provided in that section, and respondent had so far complied with the statute that he could not be deemed as in default. If the bill of items, so in the record, was deemed insufficient or defective by the adverse party, we think his remedy was, not in treating the bill filed as of no moment, but in moving that the same be made more definite and certain. By the last clause in section 82, the court was authorized " to order a further account when the one filed or delivered is defective."

We think the Circuit Court ruled properly and the judgment is affirmed.